IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**HARRY CARLOS OWEN,**

    Petitioner,

v.                                                   **CIVIL ACTION NO. 5:02-0854**

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION

Pursuant to the court's order of September 8, 2005, in which the court overruled both petitioner's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], confirmed and accepted the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its memorandum opinion.

The court has conducted a de novo review of the record. Petitioner was charged with seventeen others in a twenty-three-count Indictment filed on September 6, 2000. (Docket No. 1.) Petitioner was charged with several offenses related to the distribution of illegal substances. Petitioner's case went to trial on March 12, 2001, and on March 15, 2001, petitioner was found guilty of conspiring to distribute 1,000 kilograms or more of marijuana. (Docket Nos. 402 and 404.) On July 9, 2001, petitioner was sentenced to 324 months in prison, 5 years supervised release, assessed a $200 special assessment, and a

$5,000 fine. (Docket Nos. 568 and 569.)  On appeal, petitioner argued that the district court abused its discretion when it denied his motion to dismiss; that the evidence was insufficient to convict him; that the district court erred in determining the drug quantity for which he was responsible; and that the district court had misapplied the Sentencing Guidelines in several respects when calculating his sentence.  Finding no error, the Fourth Circuit affirmed petitioner's conviction and sentence in an unpublished decision dated December 18, 2001.  See United States v. Owen, 2001 WL 1613513 (4th Cir. Dec. 18, 2001). Petitioner did not seek review of this decision to the United States Supreme Court.

On June 17, 2002, petitioner filed this case under 28 U.S.C. § 2255, in which he set forth a number of grounds for the court to set aside his conviction and vacate his sentence.  Petitioner argued that his conviction should be set aside and vacated for a number of reasons: (1) that the decision was in contravention of procedural law included in the Federal Rules of Criminal Procedure; (2) that prosecutors had engaged in knowing and planned contravention of discovery; (3) that prosecutors had obstructed justice by withholding evidence from him that denied him access to a fair trial; (4) that the Assistant United States Attorney involved in the case, Monica K. Schwartz, had acted improperly regarding a related case involving his brother; (5)

that no enactments of laws allow or suggest that the U.S. Sentencing Guidelines supercede rights guaranteed by the United States Constitution; (6) that his Sixth Amendment right to be "informed of the nature and causes of criminal accusations" had been violated; (7) that the court had considered factors that were not proven before the jury to enhance his sentence; and (8) that he had been imprisoned without due process of law.

On December 16, 2003, the Magistrate Judge entered his Proposed Findings and Recommendations (Docket No. 842). Petitioner filed an objection to the magistrate judge's findings on January 14, 2004. On July 12, 2004, petitioner filed a supplemental motion requesting consideration of his claims under the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), where the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." On April 21, 2005, the Magistrate Judge submitted an additional Proposed Findings and Recommendations regarding this issue. Petitioner filed an objection to the magistrate judge's findings regarding his supplemental motion on May 3, 2005. The court has conducted a de novo review of petitioner's claims and examines his arguments in turn.

1. <u>Petitioner's Argument Regarding His Brother's Testimony Before the Grand Jury</u>.

Petitioner's objection filed January 14, 2004, centers around the government's plea deal with his brother, Ronald Cleveland Owen. (Obj. at 1.) Petitioner states that his brother made a deal in which he would waive an indictment, plead guilty, and testify as a government witness in any and all grand jury and district court proceedings in exchange for immunity for testimonial immunity. (<u>Id.</u> at 1-2.) Further, petitioner's brother agreed to be named as an unindicted co-conspirator in bills to be brought before the grand jury. (<u>Id.</u> at 2.)

Petitioner argues that some of the practices used regarding his brother were in and of themselves violations of the United States Constitution. His arguments are on the whole unavailing. The petitioner cites two cases, <u>United States v. Briggs</u>, 514 F.2d 794, n.16 (5th Cir. 1975), and <u>Application of Jordon</u>, 439 F. Supp. 199 (S.D. W. Va. 1977), for the proposition that what happened regarding his brother's testimony before the grand jury was irregular. A close reading of these two cases shows just the opposite. <u>Briggs</u> states that a cooperating individual might appear before a grand jury at the government's request and, on the basis of self-incriminating testimony, be named as an unindicted co-conspirator. <u>See</u> 514 F.2d at 804 n.16. The court's decision in <u>Jordan</u> is premised on the notion that a person who testified, but not as a cooperating witness who had

been given immunity, and not in a deliberately self-incriminating manner, cannot be named as an unindicted co-conspirator. 439 F. Supp. at 209 n.10. In such situations, the person would be without the ability to clear his or her name through trial. Petitioner states that his brother cooperated, was given immunity, and testified in a deliberately self-incriminating manner. (Obj. at 1-2.) As such, these cases are inapplicable to the situation faced by petitioner's brother.

Given that unindicted co-conspirators play a role in a high percentage of drug prosecutions, were their use even possibly unconstitutional, some court would have said so by now. The court can find no case law supporting petitioner's position. As such, petitioner's first objection IS DISMISSED.

2. Petitioner's Argument Regarding Brady Materials.

Petitioner's second argument is that because his brother was not indicted, certain materials regarding his brother's testimony were not available to him. Petitioner argues that these materials being unavailable violated his constitutional rights as discussed in Brady v. Maryland, 373 U.S. 83 (1963).

Petitioner indicates that the majority of his brother's grand jury testimony was placed under seal and that his brother has been named as the person responsible for three different murders. (Obj. at 4.)  Petitioner avers that had his brother been indicted, he would have had access to this information, and therefore would not have been convicted.  (Id. at 5.)

As the magistrate judge indicated in his findings and recommendations, this argument is frivolous.  (Docket No. 842 at 5.)  Petitioner's rights under Brady were not even implicated in this case because the information about petitioner's brother and his cooperation with authorities was disclosed.  Further, nothing about petitioner's brother's cooperation was material, favorable to petitioner, or exculpatory in petitioner's case. See United States v. Hoyte, 51 F.3d 1239, 1242 (4th Cir.), cert. denied, 516 U.S. 935 (1995).  Further, because petitioner was aware of these arguments and did not raise them on direct appeal, petitioner has waived his right to do so on collateral review under 28 U.S.C. § 2255.  United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989) (holding that failure to raise an issue presented at trial or in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in a § 2255 proceeding).  Insofar as this is a constitutional issue, petitioner cannot bring it here because he has not made the required showing of cause and prejudice.  See

Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989).  As such, petitioner's second objection is DISMISSED.

    3.    <u>Petitioner's Argument Contained in His Supplemental Memorandum Regarding Apprendi, Blakely, and Booker</u>.

Petitioner's supplemental argument rests on the notion that his petition sounded under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), a decision handed down prior to his conviction, inasmuch as it does under the cases of United States v. Booker and United States v. Fanfan, 125 S. Ct. 738 (2005).  (Resp.'s Obj. at 2.)  Following petitioner's argument, the court is not required to apply the Booker / Fanfan retroactively, but instead can apply Apprendi in a forward-looking manner and achieve the same result because these later decisions did not announce a new rule of law, but instead only served to clarify a rule announced in the court's decision in Apprendi.  Id. at 2-3.  Petitioner argues that were the court to follow this argument, his counsel's failure to raise a challenge under Apprendi constitutes ineffectiveness and the prejudice necessary to demonstrate a constitutional claim.  Id. at 5.[1]

Although petitioner makes a clever argument regarding this issue, and even accounting for the fact that the court is obligated to hold this pro se litigant to a less stringent

---

[1] Petitioner admits that raising an objection to the Sentencing Guidelines under Apprendi "would have been contrary to the circuit precedent at the time" his counsel would have had to make the argument.  Id. at 5.

standard than that required of attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972), having reviewed the record under that less exacting standard, the court reaches the same conclusions as did the magistrate judge in his Proposed Findings and Recommendations. Accepting petitioner's argument necessarily requires the court to apply Booker and Fanfan retroactively. In Tyler v. Cain, 533 U.S. 656, 662-63 (2001), the Court held "that a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Here, the Court did not. As such, the magistrate judge's decision was well-reasoned and supported by case law. Petitioner's objections are accordingly OVERRULED.

The Clerk is directed to forward a copy of this Memorandum Opinion to the petitioner, pro se, and to all counsel of record.

IT IS SO ORDERED this 16th day of September, 2005.

ENTER:

David A. Faber
Chief Judge